IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA, ABINGDON DIVISION

**MICHAEL EDEN,**
**On behalf of himself**
**And all others similarly situated,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　Civil Action No. __1:23CV00044__

**ADVANTAGE 2000 CONSULTANTS, INC.,**

    **Defendant.**

## CLASS ACTION COMPLAINT

**COMES NOW**, Michael Eden, on behalf of himself and all others similarly situated, by counsel Eric J. Buckner and Katz, Kantor, Stonestreet & Buckner, PLLC and for this complaint against Defendants states as follows:

1.　　This case arises from the abusive and unlawful attempt to collect a debt by refusing to follow the requirements of the federal Fair Debt Collection Practices Act ("FDCPA").  Plaintiff Michael Eden, on behalf of himself and all others similarly situated, alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. ("FDCPA") by using form FDCPA debt validation disclosure notice collection letter that contradicts and makes inaccurate and false representations with respect to the FDCPA's § 1692g cornerstone debt validation disclosure requirements. In the same form collection letter by which Defendant attempted to provide the §1692g thirty-day debt validation notice, Defendant demanded payment within the thirty-day validation period, in violation of long-standing precedent from this Circuit. The debt collector further failed to

advise the consumer about rights to dispute the debt and the timelines for payment while attempting to collect the alleged debt. Plaintiff brings this claim on behalf of himself and all others similarly situated to prevent the unlawful attempts to collect debt.

## THE PARTIES

2.  The Plaintiff, Michael Eden, is a resident of Tazwell County, Virginia, who brings this action in his own right and as a representative of a class of consumers more particularly defined herein.

3.  Plaintiff is a "consumer" as defined by Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692a(3).

4.  The Defendant, Advantage 2000 Consultants, Inc., (herein "Advantage") is a limited liability corporation created under the laws of Missouri with its principal offices located at 4121 Union Rd Ste 216, Saint Louis, MO, 63129. Advantage uses National Registered Agents, Inc. for its Virginia registered office at 4701 Cox Road, Suite 285, Glen Allen, VA, 23060.

5.  Advantage is a "'debt collector," as defined under the FDCPA by 15 U. S. C. § 1692a(6).

## JURISDICTION AND VENUE

6.  This action, in part, arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) found at 15 U.S.C. 1692 *et seq*. and its illegal efforts to collect a consumer debt from Plaintiff. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

7.  The jurisdiction of this Court is conferred by the federal question

arising from Defendant's violations of the FDCPA.

8.  Venue is proper for this Court because acts and transactions at issue occurred in Tazwell County, Virginia where the Plaintiff resides.

## OPERATIVE LAW

9.  The rights and obligations established by 15 U.S.C. § 1692g for validation of debts disclosure requirements were considered by the Senate to be a significant feature of the federal Fair Debt Collection Practices Act.  As the Fourth Circuit has stated, "Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights.  *See* S. Rep. No. 382, 95th Congress, 1st Sess. 4, 8; *Miller v. Payco General American Credits, Inc*, 943 F.2d 482, 484 (4th Cir. 1991).

10.  The validation notice consists of statements required by the FDCPA that inform the consumer how to obtain verification of the debt.  *Id.* at 453.  The debt validation provisions of § 1692g serve the important purpose of ensuring that consumers receive notice of their rights of verification and to dispute the debt. *Russell v. Absolute Collection Services*, 763 F.3d 385, 394 (4th Cir. 2014).

## OPERATIVE FACTS

11.  Plaintiff had a long-term and short-term disability policy for personal, family, and household purposes through his employer via NYL Group Benefit Solutions.

12.  Plaintiff was injured at work and utilized his disability insurance for personal, family, and household purposes.

13.  Plaintiff was later found to be disabled by the Social Security

Administration and provided with benefits.

14. Plaintiff's insurance provider – NYL Group Benefit Solutions – retained Advantage 2000 Consultants to seek repayment based upon the disability insurance policy.

15. On November 9, 2022, Advantage sent Plaintiff a letter claiming he had only seven calendar days to make repayment.

16. The November 9, 2022 letter was Advantage's first written communication to Plaintiff in connection with the collection of the subject debt.

17. Fifteen U.S.C. § 1692g(a) provides that a debt collector must give a notice of debt validation rights either in the initial communication with a consumer or within five days of the initial communication with the consumer.

18. Advantage's November 9, 2022 letter did not advise Plaintiff that it was a debt collector attempting to collect a debt.

19. Advantage's November 9, 2022 letter did not advise Plaintiff of how he was able to dispute the debt and/or obtain verification of the debt.

20. A contradiction exists between Advantage's demand of payment within seven days and the language of the validation notice required by 15 U.S.C. § 1692g.

21. The contradiction could confuse or mislead the least sophisticated consumer into disregarding or losing his/her right under the validation notice.

22. By including in the validation notice the demands for payment within the thirty day validation period, Advantage used a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. Advantage sent a second letter on November 22, 2022 seeking to collect a different balance allegedly due.

24. Advantage's November 22, 2022 letter did not advise Plaintiff that it was a debt collector attempting to collect a debt.

25. Advantage's November 22, 2022 letter did not advise Plaintiff of how he was able to dispute the debt and/or obtain verification of the debt.

26. Advantage's November 22, 2022 letter claimed he had only seven calendar days to make repayment.

27. A contradiction exists between Advantage's demand of payment within seven days and the language of the validation notice required by 15 U.S.C. § 1692g.

28. The contradiction could confuse or mislead the least sophisticated consumer into disregarding or losing his/her right under the validation notice.

29. By including in the validation notice the demands for payment within the thirty day validation period, Advantage used a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30. Advantage sent another collection letter on November 29, 2022.

31. Advantage's November 29, 2022 letter did not advise Plaintiff that it was a debt collector attempting to collect a debt.

32. Advantage's November 29, 2022 letter did not advise Plaintiff of how he was able to dispute the debt and/or obtain verification of the debt.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and on behalf of all others

similarly situated.

34. The class of consumers represented by Plaintiff against Advantage in this action are defined as:

> All persons to whom Advantage sent an initial letter on or after November 9, 2022 that demanded payment in fewer than thirty days in an attempt to collect a debt that was incurred primarily for personal, household, or family purposes.

35. Advantage has corporate policies and procedures regarding the collection of debts allegedly owed by consumers such as Plaintiff. Advantage carries out its policies and procedures using standardized collection activities, including the use of standardized letters.

36. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases maintained by Advantage and/or its employees, representatives or agents.

37. The class is so numerous that joinder of all class members is impracticable.

38. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Advantage's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

39. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

40. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by Advantage that they were only allowed to dispute their alleged debts in writing

and received the same or nearly identical letters as all other class members.

41. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class, and the relief sought by Plaintiff will inure to the benefit of the class generally.

42. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Advantage.

43. Advantage's actions are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Advantage for violations of the FDCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

44. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Advantage, and it would be impracticable for the class members to individually seek redress for Advantage's wrongful conduct.

45. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Advantage would create the potential for inconsistent and/or

contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Advantage. Conversely, a class action will prevent far fewer management difficulties; provide the benefits of a single adjudication; conserve time, effort and expense; employ comprehensive and cohesive supervision by a single court; and provide a forum for small claimants.

46. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Advantage. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

47. Advantage has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

48. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

49. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by- case assessment is necessary, Advantage maintains computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as

described above.

50. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of representing and willing to represent the other members of the class.

### COUNT I

### INDIVIDUAL CLAIMS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52. The attempt by Defendant to collect alleged debt from Plaintiff violates 15 U.S.C. §1692 of the FDCPA.

53. Chapter 15 U.S.C. § l692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of debt.

54. The Defendant violated Chapter 15 U.S.C. §1692e by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector in violation of 15 U.S.C.A. § 1692e(11).

55. 15 U.S.C. § l692g outlines the type of notice debt collectors must provide consumers in initial communications regarding the debt.

56. Defendant violated § 1692g by misleading the Plaintiff by failing

9

to disclose in the initial written communication that the debt may be disputed by means other than in writing.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that the conduct of Defendant violated Section 1692e *et seq*. and § 1692g *et seq*. of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

## COUNT II
## CLASS CLAIM FOR VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g(a)(3)

58. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

59. By demanding payment within the thirty-day validation period, Advantage failed to provide the required validation notice and in so doing violated § 1692(g).

60. Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to § 1692k.

## COUNT IV
## CLASS CLAIM FOR VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

61. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

62. By demanding payment within the thirty day validation period, Advantage used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated § 1692e(10).

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff and each member of the class he represents demand the following relief:

A. That actual damages and the statutory penalty pursuant to 15 U.S.C §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class he represents for violation of the FDCPA;

B. That Defendant be ordered to pay reasonable attorney fees and costs pursuant to the provisions of 15 U.S.C. §1692k(a)(3);

C. That Defendant be ordered to account for all amounts collected from the class and reimburse each such member of the class all monies collected with interest thereon for the one-year period preceding the filing of this action; and

D. For such other and further relief as the Court may deem appropriate.

**Michael Eden, on behalf of himself and all others similarly situated,**

*BY COUNSEL*

/s/ Eric J. Buckner
Eric J, Buckner (VASB #94030)
KATZ, KANTOR, STONESTREET, & BUCKNER, PLLC
206 South Walker Street
Princeton, WV  24740
Phone: (304) 431-4050
ebuckner@kksblaw.com

*Counsel for Plaintiff*